JAMES P. BRADY – N.J. Attorney I.D No. 013701978
JAMES P. BRADY, P.A
2494 MOORE ROAD, SUITE 3A
Toms, River, New Jersey 08753
(732) 286- 9500
Attorneys for Claimant

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT<br><br>of<br><br>WEEKS MARINE, INC., AS THE OWNER OF THE VESSEL *C.R. MCCASKILL* FOR EXONERATION FROM LIMITATION OF LIABILITY,<br><br>Plaintiff. | Case No.: 18-cv16702 (JLL) (JAD)<br><br>**COMPLAINT FOR EXONERATION FROM OF LIMITATION OF LIABILTY** |

## ANSWER AND CLAIMS OF COLBY GUERRA, DAVIS THOMPSON, AND FRANK MITRANI

Claimant Colby Guerra is a resident of the State of Florida, Claimant Davis Thompson is a resident of the State of Mississippi, and Claimant Frank Mitrani is a resident of the State of Florida. All claimants, through undersigned counsel, file this answer and claim in response to these proceedings and would respectfully represent the following:

### I. BRIEF PROCEDURAL HISTORY

Claimants filed suit against Weeks Marine, Inc., in the Superior Court of the State of New Jersey on October 19, 2018. Petitioner filed the instant case on November 30, 2018.

### II. DEFENSES AND ANSWER

For answer to the Complaint, Claimants state the following defenses and responses to the allegations:

### FIRST DEFENSE

Venue is improper in this forum.

### SECOND DEFENSE

The Complaint fails to state a claim or cause of action upon which relief can be granted. Rule 12(b)(6), FED. R. CIV. P.

### THIRD DEFENSE

The Limitation of Liability Act, 46 U.S.C. §§ 30501-30512, is discriminatory in that it favors Petitioner over Claimants and deprives Claimants of their property rights without due process of law in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States of America.

### FOURTH DEFENSE

The limitation fund is inadequate and the Complaint should be dismissed because Petitioner has failed to deposit adequate security equal to the value of the vessel and its appurtenant vessels, plus the pending freight; *i.e.*, the value of the contract under which the vessel was operating at the time of the incident made the basis of Claimants' claims. The proper security must be deposited at the time of filing. Rule F(1). Petitioner's deposit at the time of filing did not meet the requirements of Rule F(1). Accordingly, this limitation action must be dismissed.

### FIFTH DEFENSE

The incident made the basis of Claimants' claims caused serious injuries to Claimants, and was caused, at least in part, by the negligence of Petitioner, its principals, agents, servants, and/or employees, and/or as a direct and proximate result of unseaworthy conditions existing

aboard the vessel, which occurred with the privity and knowledge of Petitioner, its principals, agents, servants, and/or employees. Accordingly, Petitioner cannot limit its liability.

## SIXTH DEFENSE

Claimants assert the flotilla doctrine.

## SEVENTH DEFENSE

Claimants respectfully reserve their right, pursuant to the "saving to suitors" clause of 28 U.S.C. § 1333(1), to pursue their claims in the forum of their choice, Union County state court. Claimants move this Court to lift the injunction and stay of the proceedings in Union County state court. *See Texaco, Inc. v. Williams*, 47 F.3d 765, 768 (5th Cir.), *cert denied*, 516 U.S. 907 (1995); *In re Tetra Applied Technologies, L.P.*, 362 F.3d 388 (5th Cir. 2004).

## EIGHTH DEFENSE

Claimants specifically object to the value of the vessels estimated by Petitioner, and reserve the right to challenge it.

AND NOW, with full reservation of all the defenses asserted above, Claimants answer the allegations of Petitioner, as follows:

### I.

Paragraph 1 is a legal conclusion that does not require Claimants to admit or deny.

### II.

Paragraph 2 is a legal conclusion that does not require Claimants to admit or deny.

### III.

Claimants admit the allegations in Paragraph 3.

### IV.

Paragraph 4 is a legal conclusion that does not require Claimants to admit or deny.

## V.

Paragraph 5 is a legal conclusion that does not require Claimants to admit or deny.

## VI.

Paragraph 6 is a legal conclusion that does not require Claimants to admit or deny.

## VII.

Paragraph 7 is a legal conclusion that does not require Claimants to admit or deny.

## VIII.

Claimants admit the allegations in Paragraph 8.

## IX.

Claimants admit the allegations in Paragraph 9.

## X.

Paragraph 10 is a legal conclusion that does not require Claimants to admit or deny.

## XI.

Claimants deny the allegations contained in Paragraph 11.

## XII.

Claimants deny the allegations contained in Paragraph 12.

## XIII.

Claimants deny Paragraph 13 due to his lack of sufficient information to justify a belief in the truth thereof.

## XIV.

Paragraph 14 is a legal conclusion that does not require Claimants to admit or deny.

## XV.

Claimants deny the allegations in Paragraph 15 for lack of sufficient information to justify a belief in the truth thereof.

## XVI.

Paragraph 16 is a legal conclusion that does not require Claimants to admit or deny.

## XVII.

Claimants deny the allegations in Paragraph 17.

## XVIII.

Paragraph 18 is a conclusion of law that does not require Claimants to admit or deny.

## **III. CLAIM**

AND NOW, Claimants assert the following claims against Petitioner as follows:

## I.

On or about September 3, 2018, a 16-inch pipe burst on the CR McCaskill, Defendant's vessel on which Plaintiffs were working. The explosion caused severe injuries to Claimants who were in proximity to the pipe.

## II.

By reason of the occurrences made the basis of this action, including the conduct on the part of Petitioner, Claimants sustained severe bodily injuries. Claimants have suffered physical pain and mental anguish and, in reasonable medical probability, will continue to do so for the balance of their natural life.

## III.

As a result of the foregoing injuries, Claimants have suffered a loss of wages in the past and a loss of or reduction in the capacity to work and earn money in the future and, in reasonable

probability, his earning capacity has been impaired permanently.

### IV.

Moreover, Claimants have incurred reasonable and necessary medical expenses in the past and, in reasonable probability will incur reasonable medical expenses in the future.

### V.

Additionally, as a result of the injuries sustained in this occurrence, Claimants suffered in the past and will, in reasonable medical probability, continue to suffer permanent physical impairment.

### VI.

Pleading further, in the alternative, if it is shown that Claimants were suffering from some pre-existing injury, disease, and/or condition, then such was aggravated and/or exacerbated as a proximate result of the occurrence made the basis of this lawsuit.

### VII.

Claimants are physically impaired as a result of injuries sustained. As a consequence, they have lost the ability to perform household services and, in reasonable probability, this loss is permanent.

### VIII.

Claimants would show that on the above-mentioned date, they were injured while in the service of a vessel. As a result, Petitioner has and continues to have a non-delegable duty to provide Claimants with the benefit of maintenance and cure. Claimants would show that they have not reached maximum medical improvement and that Petitioner's duty continues. Petitioner has denied payment and/or has unreasonably delayed payments for maintenance and cure and/or has paid maintenance in an insufficient amount. As a result of Petitioner's conduct,

and Petitioner's failure to pay and/or delay paying the benefits of maintenance and cure, Claimants have suffered further injuries and damages, for which they now sue. Claimants would further show that Petitioner's failure to provide the benefits of maintenance and cure is not only unreasonable, but is arbitrary and capricious, or willful, callous, and persistent; and that as a result thereof, Claimants are entitled to an award of attorneys' fees, for which they now sue, in addition to all other relief sought.

Claimants would further show that Petitioner's personnel interfered with Claimants' medical treatment, refused to investigate and refused to acknowledge Claimants were injured. Claimants would also show that Petitioner knew Claimants were injured, but attempted to hide such injuries from Petitioner's contract partner, and attempted to force Claimants to work beyond reasonable restrictions.

Claimants would also show that Petitioner is guilty of willful and wanton misconduct in failing to provide maintenance and cure. Further, Petitioner failed to have adequate equipment available, and failed to have adequately trained personnel directing such work.

## IX. PRAYER

WHEREFORE, PREMISES CONSIDERED, Claimants pray that their Answer and Claim be deemed good and sufficient, that after due proceedings, there be judgment denying the Complaint of Petitioner for exoneration from or limitation of liability, with all costs to be borne by such Petitioner, and for such other relief to which they may be justly entitled.

Respectfully submitted,

JAMES P. BRADY, P.A.
Attorney for Claimants


By:   /s/ James P. Brady
      JAMES P. BRADY, ESQ.


## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of this document will be served or has been served on all interested parties in accordance with the Federal Rules of Civil Procedure on the January 22, 2019, Service on E-Filing Users will be automatically accomplished through the Notice of Electronic Filing; non-Filing Users will be served by certified mail, return receipt requested and/or via facsimile.

          /s/ James P. Brady
          James P. Brady, Esq.