**12JAMES P. BRADY – N.J. Attorney I.D No. 013701978**
**JAMES P. BRADY, P.A**
**2494 MOORE ROAD, SUITE 3A**
**Toms, River, New Jersey 08753**
**(732) 286- 9500**
**Attorney for Claimant**

IN THE MATTER OF THE COMPLAINT

of

WEEKS MARINE, INC., AS THE OWNER OF THE
VESSEL *C.R. MCCASKILL FOR*
EXONERATION FROM LIMITATION OF
LIABILITY,

Plaintiff.

Case No.:  18-cv16702 (JLL) (JAD)

**COMPLAINT FOR**
**EXONERATION FROM OF**
**LIMITATION OF LIABILTY**

## ANSWER AND CLAIM OF STEPHEN L. HUDSON II

Claimant Stephen L. Hudson II, residing at 8582 March Road, Irvington, Alabama 36544. Claimant, through undersigned counsel, files this answer and claim in response to these proceedings and would respectfully represent the following:

### I. BRIEF PROCEDURAL HISTORY

Petitioner filed the instant case on November 30, 2018.

### II. DEFENSES AND ANSWER

For answer to the Complaint, Claimant states the following defenses and responses to the allegations:

#### FIRST DEFENSE

Venue is improper in this forum.

#### SECOND DEFENSE

The Complaint fails to state a claim or cause of action upon which relief can be granted. Rule 12(b)(6), FED. R. CIV. P.

### THIRD DEFENSE

The Limitation of Liability Act, 46 U.S.C. §§ 30501-30512, is discriminatory in that it favors Petitioner over Claimant and deprives Claimant of his property rights without due process of law in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States of America.

### FOURTH DEFENSE

The limitation fund is inadequate and the Complaint should be dismissed because Petitioner has failed to deposit adequate security equal to the value of the vessel and its appurtenant vessels, plus the pending freight; *i.e.*, the value of the contract under which the vessel was operating at the time of the incident made the basis of Claimant's claims. The proper security must be deposited at the time of filing. Rule F(1). Petitioner's deposit at the time of filing did not meet the requirements of Rule F(1). Accordingly, this limitation action must be dismissed.

### FIFTH DEFENSE

The incident made the basis of Claimant's claims caused serious injuries to Claimant, and was caused, at least in part, by the negligence of Petitioner, its principals, agents, servants, and/or employees, and/or as a direct and proximate result of unseaworthy conditions existing aboard the vessel, which occurred with the privity and knowledge of Petitioner, its principals, agents, servants, and/or employees. Accordingly, Petitioner cannot limit its liability.

### SIXTH DEFENSE

Claimant asserts the flotilla doctrine.

**SEVENTH DEFENSE**

Claimant respectfully reserves his right, pursuant to the "saving to suitors" clause of 28 U.S.C. § 1333(1), to pursue his claims in the forum of his choice. *See Texaco, Inc. v. Williams*, 47 F.3d 765, 768 (5th Cir.), *cert denied*, 516 U.S. 907 (1995); *In re Tetra Applied Technologies, L.P.*, 362 F.3d 388 (5th Cir. 2004).

**EIGHTH DEFENSE**

Claimant specifically objects to the value of the vessels estimated by Petitioner, and reserves the right to challenge it.

AND NOW, with full reservation of all the defenses asserted above, Claimant answers the allegations of Petitioner, as follows:

**I.**

Paragraph 1 is a legal conclusion that does not require Claimant to admit or deny.

**II.**

Paragraph 2 is a legal conclusion that does not require Claimant to admit or deny.

**III.**

Claimant admits the allegations in Paragraph 3.

**IV.**

Paragraph 4 is a legal conclusion that does not require Claimant to admit or deny.

**V.**

Paragraph 5 is a legal conclusion that does not require Claimant to admit or deny.

**VI.**

Paragraph 6 is a legal conclusion that does not require Claimant to admit or deny.

**VII.**

Paragraph 7 is a legal conclusion that does not require Claimant to admit or deny.

## VIII.

Claimant admits the allegations in Paragraph 8.

## IX.

Claimant admits the allegations in Paragraph 9.

## X.

Paragraph 10 is a legal conclusion that does not require Claimant to admit or deny.

## XI.

Claimant denies the allegations contained in Paragraph 11.

## XII.

Claimant denies the allegations contained in Paragraph 12.

## XIII.

Claimant denies Paragraph 13 due to his lack of sufficient information to justify a belief in the truth thereof.

## XIV.

Paragraph 14 is a legal conclusion that does not require Claimant to admit or deny.

## XV.

Claimant denies the allegations in Paragraph 15 for lack of sufficient information to justify a belief in the truth thereof.

## XVI.

Paragraph 16 is a legal conclusion that does not require Claimant to admit or deny.

## XVII.

Claimant denies the allegations in Paragraph 17.

## XVIII.

Paragraph 18 is a conclusion of law that does not require Claimant to admit or deny.

## III. CLAIM

AND NOW, Claimant asserts the following claims against Petitioner as follows:

## I.

On or about September 3, 2018, a 16-inch pipe burst on the CR McCaskill, Defendant's vessel on which Claimant was working. The explosion caused severe injuries to Claimant who was in proximity to the pipe.

## II.

By reason of the occurrences made the basis of this action, including the conduct on the part of Petitioner, Claimant sustained severe bodily injuries. Claimant has suffered physical pain and mental anguish and, in reasonable medical probability, will continue to do so for the balance of his natural life.

## III.

As a result of the foregoing injuries, Claimant has suffered a loss of wages in the past and a loss of or reduction in the capacity to work and earn money in the future and, in reasonable probability, his earning capacity has been impaired permanently.

## IV.

Moreover, Claimant has incurred reasonable and necessary medical expenses in the past and, in reasonable probability will incur reasonable medical expenses in the future.

## V.

Additionally, as a result of the injuries sustained in this occurrence, Claimant suffered in the past and will, in reasonable medical probability, continue to suffer permanent physical

impairment.

## VI.

Pleading further, in the alternative, if it is shown that Claimant was suffering from some pre-existing injury, disease, and/or condition, then such was aggravated and/or exacerbated as a proximate result of the occurrence made the basis of this lawsuit.

## VII.

Claimant is physically impaired as a result of injuries sustained.  As a consequence, he has lost the ability to perform household services and, in reasonable probability, this loss is permanent.

## VIII.

Claimant would show that on the above-mentioned date, he was injured while in the service of a vessel.  As a result, Petitioner has and continues to have a non-delegable duty to provide Claimant with the benefit of maintenance and cure.  Claimant would show that he has not reached maximum medical improvement and that Petitioner's duty continues.  Petitioner has denied payment and/or has unreasonably delayed payments for maintenance and cure and/or has paid maintenance in an insufficient amount.  As a result of Petitioner's conduct, and Petitioner's failure to pay and/or delay paying the benefits of maintenance and cure, Claimant has suffered further injuries and damages, for which they now sue.  Claimant would further show that Petitioner's failure to provide the benefits of maintenance and cure is not only unreasonable, but is arbitrary and capricious, or willful, callous, and persistent; and that as a result thereof, Claimant is entitled to an award of attorneys' fees, for which they now sue, in addition to all other relief sought.

Claimant would further show that Petitioner's personnel interfered with Claimant's

medical treatment, refused to investigate and refused to acknowledge Claimant was injured. Claimant would also show that Petitioner knew Claimant was injured, but attempted to hide such injuries from Petitioner's contract partner, and attempted to force Claimant to work beyond reasonable restrictions.

Claimant would also show that Petitioner is guilty of willful and wanton misconduct in failing to provide maintenance and cure. Further, Petitioner failed to have adequate equipment available, and failed to have adequately trained personnel directing such work.

## IX. PRAYER

WHEREFORE, PREMISES CONSIDERED, Claimant prays that his Answer and Claim be deemed good and sufficient, that after due proceedings, there be judgment denying the Complaint of Petitioner for exoneration from or limitation of liability, with all costs to be borne by such Petitioner, and for such other relief to which he may be justly entitled.

Respectfully submitted,

JAMES P. BRADY, P.A.
Attorney for Claimant


By:____/s/ James P. Brady_____
JAMES P. BRADY, ESQ.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document will be served or has been served on all interested parties in accordance with the Federal Rules of Civil Procedure on the January 25, 2019, Service on E-Filing Users will be automatically accomplished through the Notice of Electronic Filing; non-Filing Users will be served by certified mail, return receipt requested and/or via facsimile.

_/s/ James P. Brady_____
James P. Brady, Esq.