NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT<br><br>of<br><br>WEEKS MARINE, INC.,<br><br>Petitioner. | Civil Action No.: 18-16702 (JMV)<br><br>**OPINION** |

**John Michael Vazquez**, U.S.D.J.

This matter comes before the Court by way of Respondents Colby Guerra, Davis Thompson, Frank Mitrani, and Stephen L. Hudson, II's motion to dissolve the limitation injunction filed by Magistrate Judge Joseph A. Dickson on or around January 7, 2019. (ECF No. 10). Petitioner Weeks Marine, Inc. filed opposition and Respondents replied thereto. (ECF Nos. 11, 12). The Court decides this matter on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78. For the following reasons, the Court hereby grants Respondents' motion.

## I.    BACKGROUND

Petitioner is, and was at all times relevant to this matter, a New Jersey corporation and the registered owner of the vessel titled the C.R. McCaskill ("the Vessel"). (ECF No. 1 ("Compl.") ¶ 3). Petitioner claims that "the Vessel was staunch, tight, strong, fully and properly manned, equipped, supplied, and seaworthy and fit for [its] service in all respects, and [Petitioner] exercised due diligence to make [it] so." (Compl. ¶ 12). Nevertheless, on September 3, 2018, there was an explosion aboard the Vessel. (Compl. ¶ 8). Petitioner alleges that the Vessel's post-casualty value was determined on the date of the explosion to be $32,000,000. (Compl. ¶ 13).

Respondents claim that they were aboard the Vessel at the time of the abovementioned explosion and suffered personal injuries as a result. (Compl. ¶ 8). Respondents further contend that Petitioner is liable for their injuries. (Compl. ¶ 9). Accordingly, on or around September 25, 2018, Respondents brought a personal injury lawsuit in the Superior Court of New Jersey, Ocean County, and named Petitioner as the sole defendant. (Compl. ¶ 4; *see also* ECF No. 1-2 (Ocean County complaint)). Respondents voluntarily dismissed the Ocean County action and subsequently filed a nearly identical personal injury lawsuit in the Superior Court of New Jersey, Union County. (Compl. ¶ 7; *see also* ECF No. 1-3 (Union County complaint)). Petitioner denies any and all liability for the injuries alleged by Respondents. (Compl. ¶ 10). Moreover, Petitioner claims that the explosion: (1) was not caused by "any fault, neglect, or want of care on the part of" Petitioner; and (2) did not occur with Petitioner's knowledge or privity. (Compl. ¶ 11).

As a result of the explosion and state court action, Petitioner "anticipates that claims may be made against [it] and/or the Vessel and that such claims may seek damages in an amount exceeding the total sum or sums for which [Petitioner] may be required to pay" under federal and maritime law. (Compl. ¶ 16). Therefore, on or around November 30, 2018, Petitioner filed this action seeking exoneration from or limitation of liability for any personal injury actions related to the explosion, pursuant to the Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.* ("the Limitation Act"), Federal Rule of Civil Procedure 9(h), and Supplemental Rule for Admiralty or Maritime Claims and Asset Forfeiture Actions F ("Supplemental Rule F"). (Compl. ¶¶ 1, 17–18). In accordance with Supplemental Rule F and the Limitation Act, Petitioner offered a Letter of Undertaking in the amount of $32,000,000, *i.e.*, the Vessel's purported value at the time of the explosion, as security ("the LOU"). (Compl. ¶ 14).

On or around January 7, 2019, Judge Dickson entered an order: (1) approving the LOU as a security representing Petitioner's interest in the value of the Vessel; and (2) restraining any and all suits brought or that could be brought against Petitioner and the Vessel related to the explosion until after the conclusion of this limitation action. (*See generally* ECF No. 3). Furthermore, the January 7, 2019 Order stated that all claimants who wished to contest Petitioner's right to exoneration from or limitation of liability had to file a claim by March 1, 2019 and to otherwise file an answer in this action, and directed that notice of same be published in accordance with Supplemental Rule F. (*Id.* at 2–3). Respondents answered Petitioner's Complaint and now move to dissolve the portion of Judge Dickson's January 7, 2019 Order staying Respondents' state court action. (ECF Nos. 5, 6, 10). In their motion, Respondents put forward the following stipulations which they claim relieve any need for the limitation injunction in the January 7, 2019 Order:

1. Petitioners are entitled to and have the right to litigate all issues relating to limitation of liability in this Court. Yet, [Respondents] specifically reserve the right to deny and contest in this Court all assertions and allegations made by Petitioners in their Complaints for Exoneration From or Limitation of Liability;

2. [Respondents] will not seek any judgment or ruling on the issue of Petitioners' right to limitation of liability in any other federal or state courts;

3. [Respondents] waive any claim of *res judicata* relevant to the issue of limitation of liability based on any judgment that may be rendered in any other federal or state court;

4. [Respondents] will not seek to enforce any judgment in excess of the value of the limitation fund pending the adjudication of the Complaints for Exoneration From or Limitation of Liability in this Court; and

5. To the extent the amount of [Respondents'] combined judgments in another court against Petitioner exceeds that Petitioner's limitation fund, [Respondents] have agreed amongst themselves to a *pro rata* sharing of the judgment proceeds to

> ensure that Petitioner is not exposed to any judgment in excess of the value of the limitation fund pending the adjudication of the Complaints for Exoneration From or Limitation of Liability in this Court.

(ECF No. 10 at 3).

## II. DISCUSSION

### A. Admiralty Jurisdiction & State Action Injunctions

Pursuant to the Limitation Act, a ship owner "without the privity or knowledge of" a maritime accident shall not be liable for said accident in an amount that exceeds "the value of the vessel and pending freight." 46 U.S.C. § 30506. When shipowners are faced with potential liability, they can file a complaint in federal district court to stay all proceedings and demand exoneration from or limitation of liability under the Limitation Act and Supplemental Rule F. *In re Complaint of Consolidation Coal Co.*, 123 F.3d 126, 131–32 (3d Cir. 1997) (hereinafter, *Consolidation Coal Co.*). Upon filing an action in federal court, the owner of a vessel is required under the Limitation Act and Supplemental Rule F to create a limitation fund representing the purported value of a vessel and freight, *see* 46 U.S.C. § 30511(b)(1), which was established in this case through the Court-approved security represented in the LOU. There is a two-step process in analyzing cases under the Limitation Act:

> The district court, sitting in admiralty without a jury, first determines whether there was negligence; [second] if there was negligence, whether it was without the privity and knowledge of the owner; and [finally] if limitation is granted, how the [limitation] fund should be distributed. . . . The claimant has the initial burden of showing negligence or unseaworthiness, and then, if the claimant is successful, the burden shifts to the shipowner to demonstrate a lack of privity and knowledge in order to obtain the benefit of limitation of liability.

*Consolidation Coal Co.*, 123 F.3d at 132 (internal quotations and citations omitted).

The federal district court has exclusive admiralty jurisdiction in actions under the Limitation Act, which conflicts with certain common law rights preserved under the "saving to suitors" clause of 28 U.S.C. § 1333. *See Gorman v. Cerasia*, 2 F.3d 519, 524 (3d Cir. 1993). Specifically, the right to a jury trial under 28 U.S.C. § 1333 is in conflict with actions brought under the Limitation Act, "because '[t]here is no right to a jury in actions instituted in admiralty, and the claimants are enjoined from pursuing common law actions in other forums.'" *Consolidation Coal Co.*, 123 F.3d at 132 (quoting *In re Complaint of Dammers & Vanderheide & Scheepvaart Maats Christina B.V.*, 836 F.2d 750, 755 (2d Cir. 1988) (hereinafter, *Dammers*)).

To reconcile the "inherent conflict between these two statutory mandates," federal courts have devised two exceptions to their exclusive admiralty jurisdiction over limitations proceedings. *Gorman*, 2 F.3d at 524 (internal quotations and citations omitted). The first exception occurs when the value of a vessel and its cargo "is adequate to cover all claims filed against the owner." *Consolidation Coal Co.*, 123 F.3d at 132. The second exception occurs when a single claimant is seeking damages in excess of the value of a vessel and its cargo, which is referred to as a "single-claim case," and the claimant provides certain stipulations that, at a minimum, "waive any claim of res judicata based on the state court judgment and concede the shipowner's right to litigate all limitation issues in federal court." *Id.* (citing *Gorman*, 2 F.3d at 524–25). These stipulations, however, are insufficient to protect shipowners in a "multiple-claims case," which occurs when there are multiple claimants seeking an amount in excess of the value of a vessel, and therefore the exclusive admiralty jurisdiction of the federal courts applies in multiple-claim cases. *Gorman*, 2 F.3d at 525.

Despite the general rule that a multiple-claims case under the Limitation Act is not exempt from the federal district court's exclusive admiralty jurisdiction, several courts of appeals,

5

including the Third Circuit Court of Appeals, have converted a multiple-claims case into an exempt single-claim case where the claimants stipulated to the priority of their claims. *See id.* at 526 ("[A]s long as the priority stipulations filed in the district court ensure that the shipowner will not be exposed to competing claims to the limited fund representing more than the value of his or her vessel, the district court may authorize the parties to proceed with the state court action."); *Magnolia Marine Transp. Co., Inc. v. Laplace Towing Corp.*, 964 F.2d 1571, 1576 (5th Cir. 1992) ("[m]ultiple claimants may reduce their claims to the equivalent of a single claim by agreeing and stipulating as to the priority in which the claimants will receive satisfaction against the shipowner from the limited fund."); *Dammers*, 836 F.2d at 756 (discussing the priority of the claimants' claims and explaining that "such concessions in stipulations are sufficient to allow claimants who might not otherwise be entitled to do so to proceed with common law actions in other forums.").

### B. Application & Analysis

In the present case, Respondents made the following stipulations in support of their motion to dissolve the limitation injunction:

1. Petitioners are entitled to and have the right to litigate all issues relating to limitation of liability in this Court. Yet, [Respondents] specifically reserve the right to deny and contest in this Court all assertions and allegations made by Petitioners in their Complaints for Exoneration From or Limitation of Liability;

2. [Respondents] will not seek any judgment or ruling on the issue of Petitioners' right to limitation of liability in any other federal or state courts;

3. [Respondents] waive any claim of *res judicata* relevant to the issue of limitation of liability based on any judgment that may be rendered in any other federal or state court;

4. [Respondents] will not seek to enforce any judgment in excess of the value of the limitation fund pending the adjudication of the Complaints for Exoneration From or Limitation of Liability in this Court; and

6

> 5. To the extent the amount of [Respondents'] combined judgments in another court against Petitioner exceeds that Petitioner's limitation fund, [Respondents] have agreed amongst themselves to a *pro rata* sharing of the judgment proceeds to ensure that Petitioner is not exposed to any judgment in excess of the value of the limitation fund pending the adjudication of the Complaints for Exoneration From or Limitation of Liability in this Court.

(ECF No. 10 at 3).

The Court could arguably conclude that Respondents' stipulations meet the first exception to the Court's exclusive admiralty jurisdiction as discussed in *Consolidation Coal Co.*, 123 F.3d at 132. In fact, Respondents specifically state in their reply brief that they "unequivocally agreed [in their stipulations] that the limitation fund is adequate to cover all claims [Respondents] brought against [Petitioner], the owner of the [Vessel], and that [Respondents] will not seek a judgment in excess of the limitation fund." (ECF No. 12 at 1).

Even if these stipulations were not sufficient for the Court to dissolve the limitation injunction imposed in the January 7, 2019 Order under the first exception, however, the Court nevertheless finds that Respondents' claims are exempt under the second exception to the Court's exclusive admiralty jurisdiction. Under the second exception, as stated above, the Court can dissolve the limitation injunction when a single claimant: (1) is seeking damages in excess of the value of a vessel and its cargo; and (2) provides certain stipulations. *Consolidation Coal Co.*, 123 F.3d at 132 (citing *Gorman*, 2 F.3d at 524–25). The Court shall address the nature of Respondents' claims and the sufficiency of Respondents' stipulations herein.

1. Single-Claim vs. Multiple-Claims Case

As Petitioner correctly points out, the fact that there are multiple respondents in this case asserting claims against Petitioner could lead the Court to conclude that this is a multiple-claims

7

case, which would bar the application of the second exception to the Court's exclusive admiralty jurisdiction. (ECF No. 11 at 2). However, the Court can still view Respondents' state court action against Petitioner as a single-claim case if Respondents presented sufficient stipulations to ensure that Petitioner will not be liable for competing claims in an amount greater than the value of the Vessel and cargo. *See Gorman*, 2 F.3d at 525–26. Here, Respondents alleviated the concern that Petitioner could be liable for competing claims in excess of the value of the Vessel by stipulating to a *pro rata* distribution of any judgment proceeds in the event that Respondents are awarded an amount greater than Petitioner's limitation fund. (ECF No. 10 at 3). Respondents further addressed the issues presented in a multiple-claims case by stipulating that they "will not seek to enforce any judgment in excess of the value of the limitation fund[, *i.e.*, the purported value of the Vessel,] pending the adjudication of" this action. (*Id.*).

Petitioner argues that this proposed distribution cannot constitute a single-claim case because Respondents failed to provide sufficient details about the priority of their claims. (ECF No. 11 at 3). The Court does not agree with Petitioner's argument. Respondents' stipulations provide for a proportional distribution of judgment proceeds capped at Petitioner's limitation fund, which the Court finds sufficient to ensure that Petitioner will not be exposed to multiple judgments in excess of the value of the Vessel. This conclusion is further supported by Respondents' stated purpose for stipulating to a *pro rata* distribution of judgment proceeds, which was "to ensure that Petitioner is not exposed to any judgment in excess of the value of the limitation fund pending" this action. (ECF No. 10 at 3). Therefore, the Court shall view Respondents' state court action as a single-claim case. *See Gorman*, 2 F.3d at 526 ("[A]s long as the priority stipulations filed in the district court ensure that the shipowner will not be exposed to competing claims to the limited fund

8

representing more than the value of his or her vessel, the district court may authorize the parties to proceed with the state court action.").

2. Sufficiency of Respondents' Stipulations

In viewing Respondents' state court action as a single-claim case, the Court finds that Respondents' stipulations are sufficient to meet the second exception to the Court's exclusive admiralty jurisdiction. Specifically, the second exception requires claimants to, at a minimum, "waive any claim of res judicata based on the state court judgment and concede the shipowner's right to litigate all limitation issues in federal court." *Consolidation Coal Co.*, 123 F.3d at 132 (citing *Gorman*, 2 F.3d at 524–25). Here, Respondents' third stipulation waives any *res judicata* claim relevant to the limitation of liability issue in connection with the state court action or any other proceeding. Furthermore, Respondents' first and second stipulations concede that Petitioner has the right to litigate all issues regarding the limitation of liability before this Court.

Petitioner argues that these stipulations are nevertheless insufficient to dissolve the limitation injunction because Respondents do not stipulate to the value of the Vessel and cite to a decision by the Ninth Circuit Court of Appeals to support this argument. (ECF No. 11 at 3). However, the Third Circuit Court of Appeals has not required a respondent to stipulate to the value of a vessel. In fact, the Third Circuit Court of Appeals has stated that the prerequisite that a respondent stipulate to the value of a vessel "has not been widely adopted by the courts of appeals." *Gorman*, 2 F.3d at 525 n.6. Furthermore, at least one court in this District specifically rejected the requirement that the parties agree to the value of a vessel, because such an early appraisal might constitute an "exercise in futility" if the petitioner wins in state court, or the claimant is awarded an amount lesser than the amount stated by petitioner, and the dissolved limitation action therefore need not return to federal court. *In re Vessel Club Med.*, 90 F. Supp. 2d 550, 556 (D.N.J. 2000)

9

(hereinafter, *Club Med.*). The Court in *Club Med.* further explained that "the more reasoned approach is to permit the claimant to proceed in the state court and, upon a finding of liability in excess of the petitioner's limitation fund, the claimant may return to federal court to litigate the limitation issues, assuming the claimant still wishes to contest the limitation." *Id.* The Court agrees with this rationale and shall not require Respondents to stipulate to the value of the Vessel in order for the Court to grant Respondents' current motion.

Considering Respondents in this case expressly waived any *res judicata* claim relevant to the limitation issue and conceded that Petitioner has the right to litigate all limitation issues in this Court, and considering these are the only stipulations that are required for this Court to dissolve a limitation injunction, the Court finds that Respondents are entitled to pursue their claims in state court. Even though the parties have not agreed on the exact value of the Vessel, Petitioner bound itself to a value of at least $32,000,000 through its *ad interim* stipulation and the LOU filed as a limitation fund pursuant to Supplemental Rule F and the Limitation Act. *See id.* (engaging in similar analysis). Accordingly, the Court shall dissolve the limitation injunction and dismiss this action without prejudice, but shall retain jurisdiction: (1) in the event that Respondents are awarded an amount greater than $32,000,000 in the state court action and thereafter contest the limitation of liability; or (2) as otherwise needed to protect the rights of the parties under the Limitation Act.

### III. **CONCLUSION**

For the aforementioned reasons, the Court shall grant Respondents' motion to dissolve the limitation injunction in the January 7, 2019 Order and shall dismiss this action without prejudice to be reopened only in circumstances consistent with this Opinion and the accompanying Order.

Dated: May 31st, 2019.

                                                  **JOHN MICHAEL VAZQUEZ**
                                                  United States District Court Judge